UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| **CASE NO.:** CV 14-00620 SJO (JCGx) | **DATE:** March 19, 2014 |
| **TITLE:** Justin Carolyne, et al. v. USPLabs, LLC, et al. | |

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**

**COUNSEL PRESENT FOR DEFENDANTS:**

Not Present

Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFFS' MOTION TO REMAND CASE TO LOS ANGELES COUNTY SUPERIOR COURT** [Docket No. 30]; **DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS** [Docket No. 9] **AND DEFENDANTS' MOTION TO STAY** [Docket No. 29]

This matter is before the Court on Plaintiffs Justin Carolyne, Timothy Hepworth, Marcus Harkins, Derek Mitchell, Byron Nuthall, Michael Garcia, Lawrence Siegel, Jacinta Little, Mark Hershkowitz, Brian West, William Jetton, Julian Lopez, Liam Jackacki, Troy Hixon, Kyrie Terry, Steven Milazzo, and Sarah Lechner's (collectively, "Plaintiffs") Motion to Remand Case to Los Angeles County Superior Court ("Motion"), filed on February 14, 2014. Defendants USPLabs, LLC, Jonathan Vincent Doyle, USPLabs Jack3D, LLC, USPLabs Oxyelite, LLC, USPLabs Holding, LLC (collectively, the "USP Defendants"), GNC Corp., The Vitamin Shoppe, Vitamin Shoppe Industries, Inc., Super Supplements, Inc., Max Muscle Marketing, Inc., Rite Aid Corp. (collectively, the "Retailer Defendants"), and Natural Alternatives Int'l., Inc. ("NAI") (altogether, "Defendants"), filed an Opposition on March 3, 2014, to which Plaintiffs filed a Reply on March 6, 2014. The Court found the matter suitable for disposition without oral argument and vacated the hearing set for March 24, 2014. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Plaintiffs' Motion and **REMANDS** this case to Los Angeles County Superior Court.

Also on the docket are Defendant NAI's Motion to Dismiss (ECF No. 9) and certain Defendants' Motion to Stay pending a ruling by the Multidistrict Litigation Panel (ECF No. 29). Because this case is remanded, these two pending motions are **DENIED AS MOOT**.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege the following facts. Jack3d and OxyELITE are trademarked nutritional/dietary supplement products manufactured, marketed, and sold by the USP Defendants. (Notice of Removal ("Notice"), Ex. B ("Compl.") ¶ 118, ECF No. 1.) One of the ingredients of Jack3d and OxyELITE is 1,3-dimethylamylamine ("DMAA"). (Compl. ¶ 119.) DMAA is an aliphatic amine compound categorized as a "sympathomimetic." (Compl. ¶¶ 124-25.) Sympathomimetics are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 14-00620 SJO (JCGx)          DATE: March 19, 2014

used to increase blood pressure, constrict blood vessels, and they are perceived to enhance athletic performance and induce euphoria. (Compl. ¶¶ 124-25.) Plaintiffs allege that DMAA can also cause adverse cardiovascular events such as heart attack, stroke, heart arrhythmias, heart palpitations, dizziness, cardiac arrest, rhabdomyolysis, loss of consciousness, and death as well as other serious adverse effects including liver failure, kidney failure, and seizures. (Compl. ¶ 4.) Jack3d and OxyELITE also contain caffeine, which increases the dangers of DMAA. (Compl. ¶ 119.) Jack3d additionally contains CarnoSyn, a propriety beta-alanine product designed by NAI, which also allegedly increases the dangers of DMAA. (Compl. ¶ 120.) Plaintiffs contend that the USP Defendants, the Retailer Defendants, and NAI designed, formulated, marketed, distributed, and/or sold Jack3d and OxyELITE products containing DMAA. (Compl. ¶ 123.)

Plaintiffs filed their Complaint in Los Angeles County Superior Court on May 8, 2013. The Complaint alleges only California state-law claims for (1) negligence, (2) strict products liability for defective design, (3) strict products liability for failure to warn, (4) breach of express warranty, (5) breach of implied warranty, and (6) unlawful business acts and practices in violation of California Business and Professions Code section 17200, *et seq*. (Compl. ¶¶ 1-2.)

On January 27, 2014, Defendants removed the instant action to this Court asserting that (1) the Complaint constitutes a "mass action" under the Class Action Fairness Act of 2005 ("CAFA") and (2) necessary and substantial federal questions are embedded within Plaintiffs' state-law claims. (Notice ¶¶ 10, 20.) Plaintiffs filed the instant Motion on February 14, 2014, seeking to remand this case to Los Angeles County Superior Court for lack of subject matter jurisdiction. (Mot. 2.)

II.     DISCUSSION

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). Lack of subject matter jurisdiction may be raised by any party at any time, and it is never waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1163-64 (9th Cir. 2002).

An action is removable to federal court only if it could have been brought there originally. 28 U.S.C. § 1441(a). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citations and quotation marks omitted).

Plaintiffs assert that Defendants' removal was inappropriate because (1) the jurisdictional requirements under CAFA are not met, (2) the removal was untimely, (3) no federal question

exists, and (4) Defendants waived their right to remove.  (Mot. ¶¶ 4, 13, 14, 23.)  The Court will address these points in turn.

    1.    Jurisdiction under CAFA

A district court may exercise subject matter jurisdiction over a "mass action" if it satisfies CAFA's jurisdictional requirements.  28 U.S.C. § 1332(d)(11).  One of these requirements, the numerosity requirement, is that the action involves "100 or more persons . . . proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."  *Id.*; *Visendi v. Bank of Am., NA*, 733 F.3d 863, 868 (9th Cir. 2013).  For the reasons below, the Court finds that Defendants failed to establish that CAFA's numerosity requirement is met, and thus, removal under CAFA is inappropriate.  *See Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (when a "mass action" is removed under CAFA, the removing party bears the burden of establishing subject matter jurisdiction).

Defendants admit that the instant action does not meet the 100 plaintiff requirement, as there are only 17 Plaintiffs named in the Complaint.  (Notice 10; *see generally* Compl.)  However, Defendants contend that the Court may construe this action as meeting CAFA's numerosity requirement by aggregating (1) the plaintiffs of several related cases filed by Plaintiffs' counsel and (2) potential plaintiffs listed in a "Notice of Claims" provided by Plaintiffs' counsel.  (Notice 10.)

Defendants allege that the following three cases filed by Plaintiffs' counsel are related cases that should be aggregated for CAFA's numerosity purposes:  (1) the instant action; (2) *Jeremy Reed, et al. v. USPLabs, LLC, et al.*, Case No. 37-2013-00074052, filed in San Diego County Superior Court; and (3) *Dominic Little, et al. v. USPLabs, LLC, et al.*, Case No. BC534065, filed in Los Angeles County Superior Court.  (*See generally* Compl.; Decl. of Brett Taylor in Supp. of Opp'n ("Taylor Decl."), ECF No. 40, Exs. 1-2, ECF Nos. 40-1, 40-2, 40-3.)  Defendants also assert that Plaintiffs filed a multidistrict litigation ("MDL") motion with the Judicial Panel on Multidistrict Litigation stating their support for transfer and consolidation of the instant action along with *Jeremy Reed, et al*. (Opp'n 7, Ex. 3.)  Defendants argue that the MDL motion shows that Plaintiffs implicitly propose to try their claims jointly.  (Opp'n 7.)

However, the 9th Circuit held that "CAFA's 'mass action' provisions do not permit a defendant to remove to federal court separate state court actions, each involving the monetary claims of fewer than one hundred plaintiffs."  *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 953 (9th Cir. 2009).  The Ninth Circuit reasoned that this rule "is consistent with both the well-established rule that plaintiffs, as masters of their complaint, may choose their forum by selecting state over federal court and with the equally well-established presumption against federal removal jurisdiction."  *Id.*  Thus, the Court declines to aggregate the three allegedly related cases for the purpose of finding CAFA jurisdiction.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: CV 14-00620 SJO (JCGx)        DATE: March 19, 2014

Even if the Court aggregated the three cases, CAFA's numerosity requirement would still not be met. Between the three cases, there are only 47 plaintiffs, well short of CAFA's 100 plaintiff requirement. (*See* Compl.; Taylor Decl. Exs. 1-2.)

Defendants further attempt to aggregate **potential** plaintiffs listed in the "Notice of Claims" created by Plaintiffs' counsel. (Notice Ex. E.) On December 27, 2013, Plaintiffs' sent a "Notice of Claims" to Defendants which listed 119[1] individuals[2] allegedly suffering from maladies incurred from their use of various products. (Mot. Ex. G, ECF No. 30-2.) Defendants argue that the "Notice of Claims" demonstrates that Plaintiffs' counsel intends to prosecute the claims of 119 plaintiffs, either by joining these individuals in the related cases or by the filing separate actions. (Notice 10-11.) However, even though the Notice of Claims lists 119 allegedly aggrieved individuals, Defendants cite to no authority allowing the aggregation of claims not yet filed for the purposes of numerosity under CAFA. (*See generally* Notice.) Without applicable authority, the Court is unwilling to engage in speculation as to which potential plaintiffs may actually file a claim.

Thus, because Defendants fail to meet their burden of establishing that CAFA's numerosity requirement is met, the Court finds that removal under CAFA is improper.

    2.    <u>Untimely Removal</u>

Defendants next argue that federal question jurisdiction exists because necessary and substantial federal questions are embedded in Plaintiffs' state-law claims. (Notice ¶ 20.) Section 1331 grants federal courts subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiffs argue that no federal question exists. (Mot. 14.) However, Plaintiffs argue that even if there was subject matter jurisdiction on the basis of necessary and substantial federal questions, Defendants' removal was untimely pursuant to 28 U.S.C. § 1446. The Court agrees that Defendants' federal question basis for removal is untimely.

Under Section 1446, a defendant may remove an action to federal court "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within

---

[1] Plaintiffs argue that these 119 claims were broken down into two categories: 17 claims involving DMAA related products and 102 claims for products containing an ingredient, aegeline, not at issue here. (Mot. 11.) Thus, Plaintiffs argue that even if the Court aggregated unfiled claims, only 17 of the claims could be aggregated because the other 102 claims allege injuries from ingredients not at issue here. (Mot. 11.)

[2] Nine of the plaintiffs in the "Notice of Claims" are named plaintiffs in *Dominic Little, et al.* Thus, the "Notice of Claims" currently lists 110 potential plaintiffs.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: CV 14-00620 SJO (JCGx)          DATE: March 19, 2014

30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Defendants filed their Notice of Removal on January 27, 2014, almost eight months after being served with the initial pleadings. (Notice 1.) If, as Defendants describe, the Complaint itself demonstrated necessary and substantial federal questions, the deadline for removal would have been June 30, 2013. Defendants rely heavily on the Complaint to support their argument that a necessary and substantial federal question exists. (*See generally* Notice.) Defendants expressly state in their Notice that "the Complaint . . . presents a necessary and substantial federal question that forms the basis of [Plaintiffs'] claims, namely whether [DMAA] is a safe and lawful component of dietary supplements under federal law." (Notice ¶ 37.) Defendants argue that Plaintiffs' claims are premised upon violations of the federal Food Drug & Cosmetic Act ("FDCA") and the Dietary Supplement Health and Education Act ("DSHEA"). (Notice 21; Compl. ¶ 302.) Defendants also assert that Plaintiffs rely on allegations made by the federal Food and Drug Administration ("FDA") and actions taken by the FDA, which Defendants allege gave rise to Plaintiffs' causes of action. (Notice 21; Compl. ¶¶ 128, 142-143, 147, 164-165, 167, 175-178, 257(g), 265(e), 302, 316, 318.) In other words, Defendants point to the Complaint, not some later-filed document or other evidence, to contend that federal question jurisdiction exists. Accordingly, even assuming that the Complaint included necessary and substantial federal questions,[3] removal based on federal question jurisdiction was untimely.

---

[3] The Court is not convinced that it would have had federal question jurisdiction over this matter even if removal on this basis had been timely. Plaintiffs' Complaint exclusively asserts state causes of action, the elements of which do require the determination of a federal law. While Plaintiffs refer to the FDCA and DESHEA for background information and evidence of DMAA's safety (Compl. ¶¶ 147-48; Mot. 18), the Court need not interpret federal laws or review the FDA's decisions to adjudicate the present matter. *See Valdez v. American Funding*, No. 10-02292 LHK, 2010 WL 3464298, at *2 (N.D. Cal. Aug.31, 2010) (noting that the question of whether a federal law creates a duty for a state law negligence claim is insufficient, by itself, to confer federal jurisdiction). Furthermore, even if the Court was called on to review the FDA's findings, which it is not, its review would be extremely limited. *See United States v. Snoring Relief Labs, Inc.*, 210 F.3d 1081, 1085 (9th Cir. 2000) (holding that FDA decisions are reviewed under the Administrative Procedure Act, and thus should not be overturned unless "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," and the reviewing court may not substitute its judgment for that of the agency) (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: **CV 14-00620 SJO (JCGx)**        DATE: **March 19, 2014**

Defendants fail to establish subject matter jurisdiction under CAFA and Defendants' removal on the basis of a necessary and substantial federal question was untimely under 28 U.S.C. § 1446(b).[4]  The Court therefore remands this case to Los Angeles Superior Court.

III.    RULING

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion and **REMANDS** this case to Los Angeles Superior Court.  All remaining motions are **DENIED AS MOOT**.

IT IS SO ORDERED.

---

[4]  The Court need not reach Plaintiffs' remaining arguments regarding remand.